[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
After a jury trial, LaByron Scruggs was convicted of receiving stolen property. Scruggs appeals, assigning as error (1) the timing of the trial court's ruling on his Crim.R. 29(A) motion, (2) the sufficiency of the evidence, (3) the weight of the evidence, and (4) the trial court's imposition of an "excessive" sentence.
Pursuant to Crim.R. 29(A), the trial court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case. The record demonstrates that Scruggs made his Crim.R. 29(A) motion before the state presented its final witness. After the state rested, the trial court denied the motion. Because the trial court properly made its ruling at the close of the state's case, we overrule Scruggs's first assignment of error.
In his second assignment of error, Scruggs challenges the sufficiency of the evidence used to convict him of receiving stolen property. Scruggs claims that the state failed to present evidence that he knew or should have had reasonable cause to believe that the property involved was stolen. In his third assignment of error, Scruggs challenges the weight of the evidence. We reviewed the record and found no support for either assignment of error.
If the record contains substantial evidence to support all of the elements of the charged offense, and that evidence is sufficiently probative of guilt, this court will not reverse on either the sufficiency or the weight of the evidence. See Statev. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The record demonstrates that the night before Tim and Patty Skinner's home was burglarized, Patty Skinner had a conversation with Scruggs at a party about her husband's gun collection. The next morning, while Tim Skinner was at work, Patty Skinner and her friend Crystal Bowker were returning from an errand when Patty Skinner saw Scruggs a short distance from her home. After entering her home, Patty Skinner discovered that her husband's gun safe had been forcibly removed from their bedroom. The safe, a shotgun, coin sets, and other items had been stolen. Police found Scruggs's fingerprints on ammunition boxes in the bedroom closet.
By coincidence, on the same day, police stopped Scruggs's car in order to arrest his passenger on outstanding felony warrants. Police found Tim Skinner's shotgun, ammunition, and coin sets in Scruggs's car, along with another gun and some knives. At first, Scruggs told police he thought the ammunition belonged to his passenger, and the shotgun belonged to his stepbrother or stepfather.
Later, another officer investigating the burglary at the Skinner home questioned Scruggs. Scruggs gave the officer a different explanation about the shotgun and ammunition found in his car, stating that they were placed in the car by his acquaintance, "Fat Kenneth." The officer told Scruggs that his fingerprints had been discovered in the home. However, the officer did not tell Scruggs the locations within the home where his fingerprints had been found so that Scruggs would not be able to give excuses for each location. Scruggs then told the officer that his fingerprints were probably found on the Skinners' back door and in their bedroom on the dresser.
Sufficient evidence was presented from which the trier of fact could conclude that Scruggs knew or had reasonable cause to believe that the property was stolen. We hold both that there was substantial evidence to satisfy all of the elements of the offense of receiving stolen property, and that the evidence was sufficiently probative of guilt beyond a reasonable doubt. Therefore, we overrule Scruggs's second and third assignments of error.
In his fourth assignment of error, Scruggs argues that "the trial court erred in its imposition of an excessive sentence following a verdict of guilty of receiving stolen property." R.C.2953.08(A) sets forth the grounds upon which a defendant may appeal his sentence as a matter of right. R.C. 2953.08(A)(4) is the only subsection that might apply in this case to allow Scruggs to appeal his sentence. Under that subsection, Scruggs may appeal his sentence on the ground that his sentence was "contrary to law." Even if we read Scruggs's fourth assignment of error to allege that the sentence was contrary to law, we find that it has no merit.
The trial court sentenced Scruggs to five years of community control, with the condition that he serve six months in jail. We find the sentence to be supported by the record and cannot say that it was contrary to law. Scruggs incorrectly asserts that the trial court was required to indicate its findings that lack of incarceration would demean the seriousness of the offense, or that the public would not be adequately protected, were the court to allow him to serve his sentence of community control without incarceration. R.C. 2929.16(A) requires no such findings to be made when the trial court imposes a jail term in addition to the community-control sanction. Scruggs's fourth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and WINKLER, JJ.